[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14842
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00059-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATONYA BALDWIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 19, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

In 1992, after serving with the Army in the first Gulf War, Latonya Baldwin applied for disability benefits with the Veterans Administration ("VA"). On January 11, 1994, she was granted VA disability benefits—based on a 30% disability rating due to war trauma—for post-traumatic stress disorder ("PTSD"), chronic back pain and chronic urethral syndrome. In September 1996, Baldwin applied for individual unemployment benefits ("IU"), representing that she was forced to leave her employment because of her PTSD. The VA granted the benefits in June 1997, retroactive to October 10, 1996, and told her that she was to inform the VA if she returned to work.

In July 1998, Baldwin's disability rating was changed to 100% because the PTSD precluded her from working. In 2002, she was admitted to a VA inpatient facility for having suicidal and homicidal ideations. In August 2003, she requested and received an increase in her disability rating for being "housebound" and additional benefits. In January 2004, she was rated incompetent to handle the disbursement of her VA funds due to the severity of her PTSD. At the same time, she began attending the University of West Florida as a full-time student. She graduated from the University in May 2006 with a B.A. in Education. And in August 2006, she began working as a full-time teacher.

In April 2008, Baldwin reported to the VA that she was unemployed and hadn't worked in 10 to 20 years due to her PTSD. In February 2010, she informed

the VA that she was still not working and that she could not work due to her PTSD. Later that year, she graduated from the University of West Florida with a M.A. degree.

In September 2011, Baldwin's Dependents' Educational Assistance and IU benefits were terminated effective October 10, 1996, and her special monthly compensation based on being "housebound" was terminated effective December 3, 2010. In all, Baldwin was overpaid $205,402.

On August 22, 2012, a federal grand jury returned an indictment against Baldwin charging her with theft of government money, in violation of 18 U.S.C. 641, and seeking forfeiture of the overpayment. She pled guilty as charged on April 15, 2013. On October 3, 2013, the District Court sentenced Baldwin to a prison term of 15 months, a sentence six months below the Guidelines range of 21 to 27 months, and ordered her to make restitution to the VA in the sum of $205,402. Baldwin now appeals her sentence. She argues that it is procedurally unreasonable because it is based on clearly erroneous fact finding and the court failed to explain the reason for the sentence. She says that it is substantively unreasonable because a non-custodial sentence would have been sufficient but not greater than necessary to meet the goals of sentencing set out in 18 U.S.C. § 3553(a). We find no merit in her appeal and therefore affirm her sentence.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). A sentence may be procedurally unreasonable if, for example, the court incorrectly calculates the applicable Guidelines sentence range, or fails to consider the sentencing factors of 18 U.S.C. § 3553(a), or fails to explain why it chose the sentence imposed. A sentence may be substantively unreasonable if, after examining the totality of the circumstances, we find that the § 3553(a) factors do not support the sentence, *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), or we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted).

We find no procedural unreasonableness in the challenged sentence. Baldwin voiced no objection to the findings of fact and the Guidelines calculations in the presentence report. In short, the court, in adopting the findings and Guidelines calculations without objection, did not err. Then, after considering all of Baldwin's arguments and sentencing recommendations, the court explained why it imposed the sentence at issue thusly:

In imposing a sentence of 15 months imprisonment, the Court

considered the amount of money involved, the constant misrepresentations made by the defendant, and the duration of the offense occurring over many years. This sentence is below the advisory guideline range based on the history and characteristics of the defendant to include the need for the defendant to help care for her husband, who is in poor health, the defendant's prior attempted suicide incidents, the risk of her attempting suicide while incarcerated, the potential difficulty for the defendant to cope while incarcerated, and her history of mental illness. Further, the Court considered the factors at 18 U.S.C. § 3553(a), and the advisory nature of the United States Sentencing Guidelines. The Court determined that this sentence is reasonable and a greater sentence is not necessary to comply with the statutorily-defined purposes of sentencing. The Court determined this sentence meets the general goals of punishment and acts as a general and specific deterrent to others for similar conduct.

Docket Entry 57. We find no basis at all for finding Baldwin's sentence substantively unreasonable. If anything, the court showed considerable leniency.

AFFIRMED.